### In re BROWN.

Court of Appeals of District of Columbia.

Submitted Nov. 15, 1928.   Decided Dec. 3, 1928.

No. 2090.

R. K. Stevens, of Washington, D. C., and A. B. Marvin, D. V. Mahoney, and George J. Hesselman, all of New York City, for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This is an appeal from the decision of the Board of Patent Appeals rejecting claims 1 and 2 and claims 10 to 17 of appellant's application for a patent on an invention relating to a dry cell battery "depolarizing mixture consisting essentially of oxide of carbon and a conductive carbon intimately mixed." The application also embraces a method of preparing the mixture by a milling operation.

Claims 1 and 2 read as follows:

"1. In the preparation of a battery depolarizer, the step which consists in milling particles of conductive carbon having shells of oxide of carbon to strip the shells from the particles and secure intimate contact between said materials.

"2. In the preparation of a battery depolarizer, the step which consists in milling particles of conductive carbon having shells of oxidized carbonaceous material."

These claims were rejected on a patent to one Weiss issued May 10, 1921, wherein the milling operation described is similar, the principal distinction being that appellant uses oxide of carbon while Weiss uses manganese dioxide. Weiss describes the conductive material as "graphite or lampblack," while appellant in his specification uses "graphite and conductive carbon." It was held by the tribunals below that the substitution of one oxide by another does not constitute invention, and this holding is emphasized by reference to a patent to one Holmes, issued July 16, 1918, wherein the conducting body is described as "graphite or other form of carbon."

Appellant's process of milling described in claims 1 and 2, though producing different material, did not entitle appellant to a patent on the old process of Weiss, especially in view of the admission of the appellant that the material he produces is covered by broad claims which have been allowed in his copending application No. 42090.

Claims 10 to 17, which were rejected on the ground that they claimed an article by the process of manufacture, are sufficiently described in claim 10 as follows: "10. A depolarizing mixture for electric batteries comprising the intimate mixture obtained by the joint milling of an oxide of carbon and conductive carbon." These claims state a milling process by which the product is obtained. In other words, it is an attempt to define a product by the process of manufacture. Claims 1 and 2 describe the product, and are not therefore process claims; while claims 10 to 17 describe the process of producing the product. It is a well-settled rule of patent law that claims for a product which is defined by the process of producing it will not be allowed; and the only exception to this rule seems to be in cases where the product involves invention and cannot be defined except by the process used in its creation. In extreme cases of this character, the product claims may be allowed; but that is not this case, especially in view of the broad claims allowed appellant in his copending application No. 42090.

The decision of the Board of Patent Appeals is affirmed.