**832**

**AUSTIN et al. v. COE, Com'r of Patents.**
No. 5949.

Court of Appeals of the District of Columbia.
Argued Jan. 10, 1934.
Decided Feb. 26, 1934.

Raymond Jones, F. W. Lyle, and Melville Church, all of Washington, D. C., and W. G. Carr, of Worcester, Mass., for appellants.

T. A. Hostetler, Sol., U. S. Patent Office, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a decree dismissing appellants' bill of complaint filed under section 4915, Rev. St. (see 35 USCA § 63), to obtain the granting of a patent upon an application refused by the Commissioner of Patents.

The record discloses that on January 8, 1919, the appellant Walter M. Austin filed with the Commissioner of Patents an application for a patent upon an alleged invention of certain new and useful improvements in circuit interrupters. The application was given the serial number 270,110, and is hereinafter referred to as the Austin sole application. On the same day Austin duly assigned the application to the Westinghouse Electric & Manufacturing Company, hereinafter called the Westinghouse Company.

Afterwards, on February 4, 1921, the same applicant, Walter M. Austin, together with John B. MacNeill, filed a joint application, hereinafter called the Austin and MacNeill application, for a patent upon the same invention. This application also was immediately assigned to the Westinghouse Company.

On January 24, 1922, one Winfield A. Atwood filed an application for a patent upon a similar invention, hereinafter called the Atwood application.

It is unnecessary for us in this case to describe the invention in controversy, or to distinguish between the several claims filed by the respective parties, inasmuch as the present question relates to matters of procedure rather than to the substantive rights of the parties.

On July 18, 1924, an interference between the joint application of Austin and MacNeill and the application of Atwood was declared, in which the Austin sole application was not included. Each of the two parties to the interference was required to file a preliminary statement within the motion period, not later than August 18, 1924. Such statements were seasonably filed and were approved by the examiner of interferences on September 5, 1924.

On or about May 27, 1925, more than eight months after the expiration of the motion period, a motion was presented to the law examiner by the Westinghouse Company, as assignee of the Austin and MacNeill joint application, to add the Austin sole application to the interference, with a prayer that the motion be set for hearing. The law examiner refused to set the motion for hearing, because of the delay which had occurred in the filing of the same.

The Westinghouse Company thereupon filed a petition with the Commissioner of Patents, praying that the Commissioner exercise

his supervisory authority and direct the law examiner to set for hearing the motion to amend the interference by including the Austin sole application therein. The company alleged that the delay between the expiration of the motion period and the filing of the motion was less than eight months, and that this delay under the circumstances was not excessive. The company alleged that one Kendig had had charge of the interferences on behalf of the company during the motion period and for some months thereafter; that Kendig had been in charge of the patent matters relating to circuit breakers for a comparatively brief period before the declaration of the interference, and was relatively unfamiliar with the pending application; that during the spring of 1925 Kendig was ill, and because of his illness this interference was turned over to one Budlong, who had previously been in charge of circuit-breaker matters; that upon an inspection of the applications Budlong recognized that the Austin sole application disclosed subject-matter similar to that in the interfering applications, and called the attention of the company thereto; that on the 15th day of May 1925, the amendment was forwarded with the request that the Austin sole application be added to the existing interference. It was claimed that in view of these facts the delay in question was unavoidable; that due diligence had been exercised by MacNeill's and Austin's attorneys ever since the facts were brought to the company's attention. The company furthermore alleged that the existence of the Austin sole application rendered the interference proceeding, at least in part, a moot controversy, since neither Atwood nor Austin and MacNeill could secure a patent upon the subject-matter which is claimed in the Austin sole application. The Commissioner ruled that under all the circumstances the delay in presenting the motion was negligence, and that the law examiner properly refused to set it for hearing.

On February 16, 1926, Austin and MacNeill and the Westinghouse Company as their assignee conceded priority of invention of the subject-matter of the interference to the party Atwood "without in any manner conceding, waiving, or affecting any right or rights that Walter M. Austin, as a sole inventor, may have to contest priority of invention of the subject matter of counts nos. 1 and 2 of the said interference or of other claims relating to the same general subject matter, with the said Winfield A. Atwood in any other interference proceeding or proceedings."

Accordingly, upon this concession, priority of invention was awarded to Atwood. Thereafter claims 5, 6, 12, and 13 in the sole application of Austin were rejected by the examiner and upon appeal this decision was affirmed by a decision of the examiners in chief, which in turn was affirmed by a decision of the Commissioner of Patents. The appellants then appealed to the Court of Customs and Patent Appeals, and that court affirmed the decision of the Commissioner of Patents.

Thereupon appellants filed their bill of complaint in the Supreme Court of the District of Columbia under section 4915, Rev. St., praying that the court authorize and direct the Commissioner of Patents to issue to the Westinghouse Company as assignee a patent upon the aforesaid application. The case was heard by the Supreme Court of the District of Columbia, and the bill was dismissed. This appeal was then taken to this court.

It may be noted that the right of the appellants to prosecute an appeal to the Court of Customs and Patent Appeals and subsequently to proceed in equity in the Supreme Court of the District of Columbia under section 4915, Rev. St., supra, was secured to them by section 15 of the act approved March 2, 1927 (44 Stat. 1337 [35 USCA § 7 note]).

We agree with the decision of the lower court. It is apparent from the record that the appellants were bound to submit the motion to amend the interference during the motion period of thirty days provided by the rules of the Patent Office as then in force (rule 109). We cannot agree with the contention presented by appellants that the time thus limited was extended under rule 123 because of the fact that Atwood filed a different motion during the thirty-day period and that this motion was heard after the expiration of that period. Richards v. Kletzker, 98 O. G. 1709; Egly v. Schulze, 117 O. G. 276.

In the present case more than eight months elapsed after the expiration of the motion period before the motion herein involved was presented for filing. The rejection of the motion under such circumstances must be sustained. New Departure Mfg. Co. v. Robinson, 39 App. D. C. 504; In re Capen, 43 App. D. C. 342; In re Wasserfallen, 54 App. D. C. 367, 298 F. 826; Application of Doble, 57 App. D. C. 10, 16 F.(2d) 350; In re Allsop, 58 App. D. C. 187, 26 F.(2d) 559. Moreover, the rulings of the Commissioner on questions of practice in the Patent Office, in the absence of showing of an abuse of discretion, are not in general subject to review by the courts. Dalton v. Wilson, 44 App. D. C. 249.

It is important also to note that no original or additional evidence of any kind was submitted by appellants in the lower court. The case was heard upon a certified transcript of parts of the record made in the Patent Office. Accordingly the issue thus presented to this court has been decided by the examiner of interferences, the examiners in chief, the Commissioner of Patents, and the appellate law court having jurisdiction of such appeals. Each of these authorities has held that the appellants have failed to show cause for the reversal of the action of the law examiner in refusing to grant the motion of appellants for an amendment of the interference. The case of Morgan v. Daniels, 153 U. S. 120, 14 S. Ct. 772, 38 L. Ed. 657, a case arising under section 4915, Rev. St., may be cited as analogous. It was there held that when a question between contending parties, as to priority of invention, is decided in the Patent Office, the decision there made must be accepted as controlling, upon that question of fact in any subsequent suit between the same parties, unless the contrary is established by testimony which, in character and amount, carries thorough conviction.

We think that no equitable consideration is presented by this record which would justify us in departing from the opinions of the law tribunals which have passed upon this question.

We therefore affirm the decree of the lower court.