**EQUITABLE PAPER BAG CO., Inc., v.
COE, Com'r of Patents.
No. 6035.**

Court of Appeals of the District of Columbia.

Argued Feb. 13, 1934.
Decided March 26, 1934.

Arlon V. Cushman, of Washington, D. C., and George M. Dowe, of New York City, for appellant.

T. A. Hostetler, Sol. of the Patent Office, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District dismissing appellant's bill filed under the provisions of section 4915, Rev. St. (section 63, tit. 35, U. S. C. [35 USCA § 63]), to authorize the allowance by the Commissioner of Patents of a patent on a bag envelope.

This application is a division of application No. 316,462, now patent No. 1,798,168. That patent contains claims for the machine or apparatus and claims for the method of making the bag of the application.

Of the claims of the application (Nos. 6 to 15, inclusive), claims 6 and 11 are illustrative and are reproduced in the margin.[1]

It will be observed that claim 6 contains the limitation, "machine made from a bag tube." Claim 11 does not contain this limitation.

The bag envelope of the application is intended to be made by a machine from a bag tube which has been slitted at intervals to form the side edges of the flaps when the bag envelope is finished. The bottom flap of the envelope is an extension of the front wall, and it is designed to be folded over the rear wall. At the open end the closing flap is a prolongation of the rear wall and designed to be folded over the front wall. Each flap has a serrated end edge and nonserrated side edges.

The Patent Office tribunals, namely, the Examiner and the Board of Appeals, found, and in that finding we concur, that the British patent to Vanderlip, No. 9,156, dated April 18, 1906, discloses a paper bag which is substantially the same as applicant's bag. The rear wall of the Vanderlip bag is formed from overlapping flaps and the bottom is closed by a prolongation of the front wall. Vanderlip's closure flap is not serrated, but that feature, as found by the Patent Office tribunals, was disclosed in patents to Driver (No. 1,661,884, March 6, 1928) and McCoy (No. 599,858, March 1, 1898).

Nor does the limitation, "machine made from a bag tube" (found in claims 6 to 10, inclusive), distinguish the alleged invention from the Vanderlip patent. It is elementary in the patent law that an article should be defined by its structure, irrespective of the method by which it is made. In re Brown, 58 App. D. C. 285, 29 F.(2d) 873; Fulton Co. v. Bishop & Babcock Co. (C. C. A.) 17 F.(2d) 1006. Appellant already has a patent on the apparatus and the method of making the bag of the application.

---

[1] No. 6. "As an article of manufacture, a bag envelope, machine made from a bag tube and having a front wall and a rear wall, a bottom flap formed as a prolongation of the front wall and folded over the rear wall, a closing flap formed as a prolongation of the rear wall and foldable over the front wall, said latter flap having a serrated end edge and non-serrated side edges."

No. 11. "An article of manufacture, a bag envelope having a front and a rear wall, a bottom flap formed as a prolongation of the front wall and folded over onto the rear wall, a closing flap formed as a prolongation of the rear wall and foldable over the front wall, said closing flap having a serrated top edge and non-serrated side edges of substantial length."

We agree with the Patent Office that to include in the article claims the method of making the article would result in double patenting. When a process and a product are identical and the former creates the latter, there is but a single invention. Oval Wood Dish Co. v. Sandy Creek, N. Y., Wood Mfg. Co. (C. C.) 60 F. 285.

Counsel have cited Dunn Wire-Cut Lug Brick Co. v. Toronto Fire Clay Co. (C. C. A.) 259 F. 258, 260, where the claim was: "As an article of manufacture, a wire-cut brick having wire-cut ribs on the side thereof, substantially as set forth." But there is a vital difference between that case and this, in that the article there was new, while the article in the present case is old.

In re Burt, 58 App. D. C. 7, 24 F.(2d) 273, is also cited, but, as the opinion in that case states, it was admitted by the Patent Office that the applicant had produced a new article.

The decree is affirmed.

Affirmed.