784

**KOEBEL v. COE, Com'r of Patents.**

**No. 7225.**

United States Court of Appeals for the District of Columbia.

Decided June 12, 1939.

Axel V. Beeken, of Washington, D. C., for appellants.

R. F. Whitehead, Solicitor, United States Patent Office, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and VINSON, Associate Justices.

EDGERTON, Associate Justice.

This is an appeal from a decree dismissing a bill under R.S. § 4915 (35 U.S.C. § 63) to obtain a patent on a setting for diamonds for industrial uses such as cutting, drilling and grinding. The invention has had an immense success. The disputed claim is: "7. As a new article of manufacture, a setting for diamonds consisting of a base metal alloy the principal ingredients of which are molybdenum, copper and cobalt so proportioned as to be capable of being sintered at a temperature below that of the critical point at which the desirable qualities of the diamond are adversely affected, said alloy when so sintered having the property of wetting the diamonds coupled with a lack of avidity for the carbon thereof and, when thereafter cooled, of closely adhering to it." The specification contains the following:

"By way of example, but not of limitation, the following formulae of an alloy, successfully used are given, the percentages stated being approximate * * *:

"Example No. 1

| | |
|---|---|
| Molybdenum | 26% |
| Cobalt | 46% |
| Copper | 27.75% |
| Iron | 00.25% |
| | 100% |

"Example No. 2

| | |
|---|---|
| Molybdenum | 40% |
| Cobalt | 20% |
| Copper | 40% |
| | 100%" |

The Patent Office, while it rejected Claim 7, allowed the following claims, which correspond closely to the two foregoing examples: "3. As a new article of manufacture, a setting for diamonds composed of an alloy including molybdenum, approximately twenty-six percent, copper approximately twenty-seven percent and cobalt approximately forty-six percent. 4. As a new article of manufacture, a setting for diamonds composed of an alloy including molybdenum approximately forty percent, copper approximately forty percent, and cobalt approximately twenty percent."

The District Court dismissed the bill, on the grounds that Claim 7 is broader than the invention and does not clearly define the invention.

A "base metal alloy the principal ingredients of which are molybdenum, copper and cobalt" might contain say 10 per cent, or any smaller proportion, of any other base metal, or of any combination of other base metals. Even if the *only* ingredients were the three named metals, they might be present in an infinite variety of proportions. Appellants do not claim all these myriads of alloys, but they do claim all of them that will function in a designat-

ed way; and, with the exception of the two examples which have been allowed as Claims 3 and 4, appellants do not disclose or even suggest which alloys will function in that way. Either they do not know, or they prefer to keep the knowledge to themselves. They cannot patent what they do not disclose. Claim 7 defines nothing. It uses words "which describe the function * * * to the exclusion of any structural definition, and thus falls within the condemnation of the doctrine that a patentee may not broaden his product claims by describing the product in terms of function." General Electric Company v. Wabash Appliance Corporation, 304 U.S. 364, 371, 58 S. Ct. 899, 902, 82 L.Ed. 1402. In that case the Supreme Court held the following claim so indefinite as to be invalid on its face: "A filament for electric incandescent lamps or other devices, composed substantially of tungsten and made up mainly of a number of comparatively large grains of such size and contour as to prevent substantial sagging and offsetting during a normal or commercially useful life for such a lamp or other device." 304 U.S. at page 368, 58 S.Ct. at page 901, 82 L.Ed. 1402. The rejected claim in the present case seems closely analogous, and quite as indefinite. Moreover, the General Electric case was an infringement suit, and the Court held, in effect, that the claim there in issue was so clearly indefinite as to overcome the presumption[1] that the Patent Office was right in granting a patent; while here the question is only whether the claim may reasonably be thought indefinite, so as to sustain the presumption[2] that the Patent Office and the District Court were right in denying a patent. In Holland Furniture Company v. Perkins Glue Company, another infringement suit, the Supreme Court held that "An inventor may not describe a particular starch glue which will perform the function of animal glue and then claim all starch glues which have those functions." 277 U.S. 245, 256, 48 S.Ct. 474, 479, 72 L. Ed. 868.

In both Gasoline Products Company, Inc. v. Coe, 66 App.D.C. 333, 87 F.2d 550, and Electrons, Inc. et al. v. Coe, 69 App.

D.C. 181, 99 F.2d 414, on which appellants rely, the claims had been rejected below solely on the ground that they lacked invention, and the question of invention was the only one which this court discussed. The indefiniteness of the claims was not argued or considered in either case.

Affirmed.

---

[1] Radio Corporation of America v. Radio Engineering Laboratories, Inc., 293 U.S. 1, 7, 8, 55 S.Ct. 928, 79 L.Ed. 163.

[2] Morgan v. Daniels, 153 U.S. 120, 14 S.Ct. 772, 38 L.Ed. 657; Bayer v. Rice, 64 App.D.C. 107, 75 F.2d 238; Dowling v. Jones, 2 Cir., 67 F.2d 537; Robertson, Commissioner of Patents v. Cooper, 4 Cir., 46 F.2d 766; Austin v. Coe, 63 App.D.C. 94, 69 F.2d 832; cf. Radio Corporation of America v. Radio Engineering Laboratories, Inc., supra.