28 C.C.P.A. (Patents)

## In re EWALD.
### Patent Appeal No. 4418.

Court of Customs and Patent Appeals.

Feb. 24, 1941.

Cox & Moore, of Chicago, Ill. (Ballard Moore and Curtis F. Prangley, both of Chicago, Ill., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

There are involved in this appeal from the decision of the Board of Appeals of the United States Patent Office six claims (numbered 14 to 17, inclusive, 19 and 21) embraced in an application for patent for "Improvements in Coring Device." Eighteen claims of the application stand allowed, and are not of concern here.

The invention relates to a device for coring fruit, "specifically," says the brief on behalf of appellant, "to a knife for coring half pears in an automatic fruit treating or processing machine."

Because of different grounds of rejection we quote as illustrative claims 14, 15, 16, and 19:

"14. A coring spoon for pears comprising an elongated metal body having its outer wall formed as a portion of a true cylinder and at least one of its longitudinal edges sharpened to provide a substantially continuous cutting edge, the extreme ends of said body being shaped to receive cylindrical bearings, the body and cutting edge between said ends being so shaped as simultaneously to sever the threads, the core proper and the calyx of a half pear upon rotation of the spoon about its bearings.

"15. A rotatable coring blade comprising an elongated body having an outer wall curved transversely of its length and substantially coextensive with its length to form a portion of a true cylinder, one of the longitudinal edges of the curved wall being sharpened to form a cutting edge and the cutting edge being flush with the outer periphery of said wall.

"16. A rotatable coring spoon for pears having its ends formed to receive cylindrical bearings about whose common axis said spoon is adapted to rotate, said spoon having a substantially continuous longitudinal cutting edge lying substantially in the plane of the axis of rotation of said spoon."

"19. A coring spoon for pears comprising an elongated relatively thin body having its opposed ends formed to receive bearings for rotation thereabout, said body substantially coextensive with its length being provided with a cutting edge and said body coextensive with its length and transversely thereof being curved sufficiently to provide the sole rigidity for said spoon and for its cutting edge."

The references cited are: Posey, 1,731,-174, Oct. 8, 1929; Spencer et al., 1,769,654, July 1, 1930.

Claims 14, 15, and 19 were rejected by the examiner as unpatentable over the patent to Posey.

Claim 14 was further rejected as being vague and indefinite.

Claims 16, 17, and 21 were rejected as defining nothing patentable over the patent to Spencer et al., and this ground was applied as a second ground for the rejection of claim 19.

The board broadly approved all of the grounds stated by the examiner but did not specifically refer to the Spencer et al. patent in connection with claim 19. It gave no detailed description of the claimed invention, nor of the references. For these we must look to the examiner's statement, the application, and references.

In describing appellant's device, the examiner said: "The subject matter of the appealed claims relates to the specific structure and shape of a coring spoon used in machines for coring half fruit such as pears which have been halved longitudinally. The spoon is shaped such that when it is placed in contact with the longitudinal cut face of the pear and rotated on its longitudinal axis the spoon will simultaneously remove the calix section, core, stem and threaded portion from the half pear. The spoon is stamped from a sheet metal blank to form a trough-like member hav-

ing semi-circular transverse sections throughout its length. The coring spoon has four distinct sections, namely end sections by which it is attached to the machine, a semi-cylindrical section which removes the stem and threads from the pear, a spoon shaped section which removes the core proper from the pear and a curved section which removes the calix of the pear. The cutting edge extends continuously along one side of all the sections except the end sections, and lies in the same plane as the axis of rotation of the device. The cutting edge is also flush with the outer periphery of the wall of the device."

■ ■ In the view which we take of the case, orderly consideration is best served by passing first upon the rejection of claim 14 on the ground of vagueness and indefiniteness, or, to use the expression of the board, "as improper in form."

The examiner pointed out that "the recitation concerning the shape of the body of the spoon * * * is not clear." Referring to the language of the claim reading, "* * the body and cutting edge between said ends being so shaped as simultaneously to sever the threads, the core proper and the calyx of a half pear upon rotation of the spoon about its bearings," the examiner said:

"These lines. recite the function of the blade with respect to a half pear. But the relative position of the blade and half pear during operation of the blade is not set forth. The attempt, therefore, of defining the structure of the blade by the result of its operation on a pear is held to be a vague structural recitation."

Appellant's presentation of the case before us is not convincing that there was error in the board's affirmance upon this point. It is said in the brief that "The shape of the body and cutting edge of the spoon is defined in this claim [14] in the same manner and by the same critera as in a number of the allowed claims * * *." Assuming this to be true (the allowed claims have not been analyzed by us), we are not at liberty to test appealed claims by those which have been allowed. Other limitations may have been present in the allowed claims which led to their being granted.

■ Appellant's brief further says: "Neither of the tribunals below suggested a better way of defining the complex longitudinal shape of the body and cutting edge of applicant's coring spoon. In the absence of some clearly perceived better way of defining this complex shape, a strict attitude ought not be taken in criticism of the applicant's choice of language to define this structure."

We think the authorities cited in the brief of the solicitor for the Patent Office support his position that "the difficulty of claiming an invention distinctly is no excuse for failure to comply with the statutory requirement." White v. Dunbar, 119 U.S. 47, 7 S.Ct. 72, 30 L.Ed. 303; General Electric Co. v. Wabash Corp., 304 U.S. 364, 58 S.Ct. 899, 82 L.Ed. 1402. See also In re Hegan, 97 F.2d 86, 25 C.C.P.A., Patents, 1182.

It is appropriate to say that this case does not present a situation in which the appellant seeks to describe his structure by the process of making it, which, in some instances, has been held permissible when the structure obviously could not be defined otherwise. This case is one, so far as claim 14 is concerned, in which it is sought to define structure by the result of its operation.

We think claim 14 was properly rejected upon the ground stated.

■ We next consider the rejection based upon the patent to Posey, and since claim 14 is deemed rejectable on the ground already stated, we need consider only claims 15 and 19 in this connection.

The examiner said: "These claims are so broad as to be met in all material respects by the disclosure of Posey. Posey shows a coring spoon comprising an elongated metal body having its outer wall formed as a portion of a true cylinder and at least one of its longitudinal edges sharpened to provide a substantially continuous cutting edge which is flush with the outer periphery of the wall. The body and cutting edge of the device of Posey are seen to be so sharpened as to simultaneously sever the threads, core and calix of a half pear upon rotation of the spoon. While it is true the spoon of Posey is rotatable by hand the ends thereof are adapted to be mounted in rotatable bearings if desired."

A reading of the Posey patent discloses that it is for a device designed for use solely in severing or cutting shoots or stalks of growing asparagus, and there is no suggestion that it "shows a coring spoon," as stated by the examiner, or that it is adapted for use in coring pears or other fruits. It is true that it is used to sever all parts of a growing stalk of asparagus simultane-

ously, a blade with a cutting edge being thrust into the ground for that purpose, but it does not remove any core or perform any operation such as is performed by the device of appellant. This, we think, must be conceded, but in this case the difference in use between the device of appellant and that of the patent would not of itself create a patentable distinction, and the general rule that introductory phrases of claims, such as "A coring spoon," do not constitute limitations which render the claims patentable when otherwise deficient is applicable here. The claims are for structure and must show structural novelty. We have considered the matter solely from that standpoint, and when the drawings and specification of the application and the patent are examined with regard to the structural features defined in claims 15 and 19, it seems to us that there are such marked differences between them that these claims should not be held "unpatentable over" Posey; and Posey is the only reference cited against claim 15.

One feature of claim 15 is an elongated body having an outer wall curved transversely of its length and *substantially coextensive with its length.* The Posey patent fails to disclose the italicized element of this feature, and we assume that it is a matter of structural importance in appellant's device. There is also a question in our minds as to whether the patent discloses that feature of claim 15, defined by the clause "the cutting edge being flush with the outer periphery of said wall."

With respect to claim 19, it is unnecessary to specify the features which we regard as lacking in Posey because that claim was also rejected on the patent to Spencer et al., along with claims 16, 17, and 21, and this rejection, we think, must be upheld.

Appellant's brief analyzes the Spencer et al. patent in the effort to show that certain features of the claims are not disclosed therein. The contentions briefly are that the patent does not disclose a coring spoon, but only a plurality of substantially flat knife bars arranged in a particular manner; that the knife bar assemblage is "not a coring spoon whose ends are 'formed to receive cylindrical bearings about whose common axis said spoon is adapted to rotate', * * * nor 'formed to receive bearings for rotation thereabout', * * * nor 'formed to receive spaced bearings for rotation about the axis of said bearings' ";

that the cutting edges of the "bar" of the patent referred to by the examiner, are not anticipatory of the cutting edge of appellant's spoon, as the latter is arranged, and that the "varying radii" feature defined in claim 17 is not met by the patent. Other features are pointed out and discussed.

We have examined all the contentions with care, and it is sufficient to say that we are not convinced that they are sound. The features embraced in the patent, it is true, are not in the same arrangement as features of the application which perform similar functions, but such modifications as appellant made do not seem to us to involve invention.

The decision of the board is modified, being reversed as to claim 15, and affirmed as to claims 14, 16, 17, 19, and 21.