34 C.C.P.A. (Patents)

### In re FULLAM et al.
### Patent Appeal No. 5269.

Court of Customs and Patent Appeals.
April 22, 1947.

248

Keith Misegades, of New York City, for appellants.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead and Joseph Schimmel, both of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims (Nos. 1 to 9, inclusive) in appellants' application for a patent for an alleged invention relating to improvements in polishing systems.

Claims 7 and 8 are article claims, whereas the other claims define appellants' process.

Claims 2, 8, and 9 are sufficiently illustrative of the appealed claims. They read:

"2. The method of rendering invisible a patch in an unpolished baked resin finish which comprises rubbing the patch and the surrounding area with an abrasive which produces scratches filled with debris, and then eliminating the debris from the scratches by rubbing with a mixture of a liquid and a fine abrasive powder, characterized by the property that when the abrasive is mixed with fragments of the baked resin film and the mixture is wet with the liquid, the abrasive and film particles form joint flocculates.

"8. A base carrying a baked finish comprising essentially a urea-formaldehyde resin and an oil-modified alkyd resin, said finish containing fine scratches free from debris and indistinguishable in gloss from a smooth unscratched finish of the same material.

"9. Method of preparing a polishing composition capable of producing a glossy finish on heat-hardened resinous surfaces, which comprises selecting a combination of fine abrasive powder and vehicle which exhibits adhesion of the particles of abrasive powder upon fragments of a resinous material immersed in a mixture of said rubbing powder and vehicle, said resinous material being substantially identical in composition with the surface to be polished."

The references relied upon by the Primary Examiner are: Pierce, 1,774,665, September 2, 1930; Groven, 1,998,615, April 23, 1935.

The Primary Examiner rejected all of the claims as unpatentable over the cited references, and also as being functional and failing to define the invention as required by R.S. § 4888, U.S.C., title 35, sec. 33, 35 U.S.C.A. § 33. Claims 7 and 8 were further rejected "as being fully met by any baked urea formaldehyde resin coating which has been highly polished by means of a fine abrasive." The Board of Appeals reversed the Primary Examiner's rejection on the references, but affirmed the other grounds of rejection.

With reference to claims 7 and 8, the board also stated that "We think it is only common sense to remove debris from the scratches and the specific composition containing the scratches (claim 8) is immaterial."

Appellants' application relates to the polishing of resin finished surfaces. It is stated in the application that heat-hardened resin surfaces have certain desirable properties, but that it has not heretofore been possible to patch such surfaces so that the patch will be invisible. It is further stated that the difficulty is due to the fact that when the patch is polished, fine scratches are formed on its surface and minute particles of resin and abrasive remain in the scratches, thus giving the surface of the patch a hazy appearance. Appellants propose to remove the resin particles by polishing the surface of the patch with an abrasive material which forms agglomerates with the resin particles, and the agglomerates so formed are larger than the scratches and can, therefore, be removed from the surface. The application describes a test which may be made to determine what abrasive material will produce the desired agglomerates. Examples of polishing materials having the desired properties for use in connection with baked urea-alkyd resin surfaces are said to be chemically pure magnesium oxide, "which had been air floated," and standard commercial aluminum hydroxide.

The rejections of the claims as being functional and as failing to define the invention in the manner required by Section 4888 of the Revised Statutes, supra, are based on substantially the same ground, and may be considered together.

Claims 1 to 6, inclusive, call for methods of patching or of rendering patches invisible which include the step of polishing with a mixture of liquid and fine abrasive powder having the property of flocculating (agglomerating) the material in the scratches on the surface of the patch. Some of those claims also include conventional steps of forming the patch, such as cleaning the blemished area, applying and heat-hardening the patch and polishing with an abrasive which forms scratches. It is not contended, however, that any of these steps are new. It is the step of polishing with a material which will flocculate the debris in the surface scratches which is relied on as imparting patentability to claims 1 to 6, inclusive, and appellants' brief makes no distinction between claims 1 and 3, which are drawn to this step alone, and claims 2 and 4 to 6, inclusive, which include other steps of forming or polishing the patch.

It is thus evident that claims 1 to 6, inclusive, call for nothing of a patentable nature unless it is the use of the flocculating polishing material. It is equally evident that the polishing material, which forms the crux of the alleged invention, is defined in those claims, not in terms of what it is, but of what it does. The claims, therefore, are clearly functional, within the meaning of that term as defined by the Supreme Court of the United States in General Electric Co. v. Wabash Appliance Corp. et al., 304 U.S. 364, 58 S.Ct. 899, 903, 82 L.Ed. 1402, and are unpatentable. In that case the Court said: "But the vice of a functional claim exists not only when a claim is 'wholly' functional, if that is ever true, but also when the inventor is painstaking when he recites what has already been seen, and then uses conveniently functional language at the exact point of novelty."

The Court, among other things, further stated: "The difficulty of making adequate description may have some bearing on the sufficiency of the description attempted, but it cannot justify a claim describing nothing new except perhaps in functional terms."

See also Koebel et al. v. Coe, 70 App. D.C. 261, 105 F.2d 784; In re Ewald, 117 F.2d 755, 28 C.C.P.A., Patents, 906; In re Cohen, 133 F.2d 924, 30 C.C.P.A., Patents, 876; In re Jennings et al., 133 F.2d 906, 30 C.C.P.A., Patents, 887; In re Heritage, 150 F.2d 554, 32 C.C.P.A., Patents, 1170; Halliburton Oil Well Cementing Co. v. Walker et al., 329 U.S. 1, 67 S.Ct. 6.

Appealed claim 9 is drawn to a method of preparing a polishing composition which comprises as its essential step "selecting a combination of fine abrasive powder and vehicle which exhibits adhesion of the particles of abrasive powder upon fragments of a resinous material immersed in a mixture of said rubbing powder and vehicle, said resinous material being substantially identical in composition with the surface to be polished."

It will be observed that in claim 9, as in appealed claims 1 to 6, inclusive, the critical

material is defined solely in terms of what it will do, and that claim is, therefore, functional and unpatentable. See cases hereinbefore cited.

■ Claims 7 and 8, which are article claims, merely define the finish as having "fine scratches free from debris," claim 8 adding the statement that the surface is "indistinguishable in gloss from a smooth unscratched finish of the same material." Those claims, therefore, define the alleged novelty solely by stating the desired characteristics of the surface, namely, that its scratches are free from debris and that the surface looks as if it were unscratched. Accordingly, claims 7 and 8 were properly held by the Primary Examiner to be "functional in claiming merely the desired result well known to and sought after by workers skilled in the art." See Heidbrink et al. v. McKesson, 6 Cir., 290 F. 665; In re Fuller, 35 F.2d 62, 17 C.C.P.A., Patents, 571; In re Ferguson, 83 F.2d 693, 23 C.C.P.A., Patents, 1143; In re Lawson and Cloutier, 83 F.2d 1001, 23 C.C.P.A., Patents, 1235; Koebel et al. v. Coe, supra; and Sylvania Industrial Corp. v. Visking Corp., 4 Cir., 132 F.2d 947.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.