36 C.C.P.A.(Patents)

**Application of SHORTELL.**
**Patent Appeal No. 5545.**

United States Court of Customs
and Patent Appeals.
April 12, 1949.

Frederic P. Warfield, of New York City, for appellant.

W. W. Cochran, of Washington, D. C. (H. S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL, and JOHNSON, Judges.

HATFIELD, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 1 and 3 to 6, inclusive, in appellant's application for a patent relating to a hack saw blade. The claims were rejected on the grounds of indefiniteness and lack of invention over the prior art. Claims 7 and 8 were allowed by the Primary Examiner.

At the time of the oral argument in this court, counsel for appellant moved to dismiss the appeal as to claim 4. The motion will be granted. That leaves four claims for our consideration.

Claims 1 and 6 are sufficiently representative of the appealed claims. They read:

"1. A hack saw blade having a tooth edge of high speed steel which hardens at a temperature not greater than in the neighborhood of 2240° F. and a backing section of alloy steel, which, hardened at the same temperature, exhibits high strength as against breakage or distortion."

"6. A hack saw blade having a tooth edge formed of high speed steel which will harden at a temperature of not to exceed in the neighborhood of 2240° F., and a back section of the general type of the following analysis: Carbon .30 to .40, Chromium 1.75, Tungsten 2.25, Vanadium .25, Molybdenum .50, Silicon 1.00, said blade being prepared for use by a single hardening step covering both the tooth edge and back section."

The references are:

Neill             907,167   December 22, 1908.
Blum            1,535,096   April 28, 1925.
Emmons          1,982,421   November 27, 1934.
Johnson (Br.)     461,251   February 10, 1937.
Twist Drill Co. (Br.)   469,605   July 23, 1937.
Ronan           2,327,129   August 17, 1943.

It is unnecessary to consider the patents to Emmons and Blum as the examiner, in his statement, and the Board of Appeals, in its decision, did not rely upon the disclosures in those patents, although they were cited as references by the Patent Office tribunals. Furthermore, neither of the parties in this appeal cited nor relied upon either of those references.

Appellant's application relates to a hack saw blade in which the tooth edge portion is made of one metal alloy and the backing portion of another. The specification states that the tooth section "should be one of the molybdenum-tungsten high speed steels which harden at a temperature of not substantially greater than 2240° F." The specification also gives a "typical analysis of the low carbon back of body steel," corresponding to the analysis called for by claims 5 and 6, and contains the statement that such a steel has high degrees of hardness and great strength and ductility.

The patent to Neill discloses a method of making hack saw blades in which a compound strip or ribbon is formed having high carbon steel on one edge and low carbon steel on the other, the two steels being integrally united. The teeth of the blade are formed on the high carbon edge and the blade is heated and quenched, with the result that the high carbon steel is hardened while the low carbon steel is not materially affected.

The two British patents were cited by the examiner as showing steels having analyses similar to that called for by appealed claims 5 and 6.

The patent to Ronan discloses a method of making hack saw blades in which the blades are formed of a molybdenum-tungsten high speed steel and are hardened by heating to 2175 to 2400 degrees Fahrenheit, followed by quenching. Thereafter, the back portion of the blade is heat treated, or annealed, to reduce its hardness and in-crease its toughness, flexibility, and tensile strength.

The appealed claims were rejected by the examiner as failing to comply with R.S. 4888, U.S.C., title 35, sec. 33, 35 U.S.C.A. § 33, which requires that an applicant shall "particularly point out and distinctly claim" his invention. The examiner stated that there are innumerable alloys which harden at approximately 2240° F., which is the temperature specified in each of claims 1, 5, and 6, in connection with the tooth edge portion of the blade; or which harden to a specific Rockwell hardness, as set forth in claim 3. The examiner further held that the claims were vague and indefinite in that they called for the two alloy steels involved "with a description of the properties of each, which is clearly outside the statute." The board, in affirming that ground of rejection, held that "The nature of the alloys which appellant employs to produce the result which the claims are supposed to cover is not defined in the claims with the particularity demanded by the statute."

Owing to the fact that the Neill patent discloses a hack saw blade having its tooth portion of hard steel and its back portion of less hard but tough steel, it is evident that the specific materials of which the tooth and back portions of appellant's blade are made are characteristics essential to novelty. It has been repeatedly held that such a characteristic cannot properly be defined in terms of function and that a claim which so defines it does not meet the requirements of R.S. 4888 (U.S.C., title 35, sec. 33). See General Electric Co. v. Wabash Appliance Corp. et al., 304 U.S. 364, 58 S.Ct. 899, 82 L.Ed. 1402; Koebel v. Coe, 70 App.D.C. 261, 105 F.2d 784; In re Ewald, 117 F.2d 755, 28 C.C.P.A., Patents, 906; United Carbon Co. et al. v. Binney & Smith Co., 317 U.S. 228, 63 S.Ct. 165, 87 L.Ed. 232; In re Cohen, 133 F.2d 924, 30 C.C.P.A., Patents 876; and In re Fullan et al., 161 F.2d 247, 249, 34 C.C. P.A., Patents, 1018.

The statement that a steel hardens at or below a specified temperature, or to a particular degree of hardness, does not define or identify the steel, but merely recites one of its properties or functions,

and is open to the criticism made in the case of In re Fullam et al., supra, that it defines the invention "not in terms of what it is, but of what it does." It is evident that a statement that a steel hardens at a temperature not greater than 2400° F. or that it hardens to a specified degree, does not define any particular steel, but covers all steels having certain desired characteristics. As stated by the examiner, the steels satisfying either of those requirements would be innumerable. Appellant's application does not indicate that all such steels would be suitable for his purposes. The appealed claims, therefore, merely point out one or two characteristics of the materials which he has found to be desirable and do not define the steels used with the degree of particularity required by R.S. 4888, U.S.C., title 35, sec. 33, 35 U.S.C.A. § 33. We are of opinion that the rejection of those claims as vague and indefinite was, therefore, proper.

The appealed claims were further rejected on either the disclosures in the Neill or the Ronan patents, on the ground that the properties of the steels, as recited in those claims, do not involve invention. Those properties, as hereinbefore stated, are defined principally in terms of function. The appealed claims are drawn to structure, and it is well settled that patentability of such claims cannot be predicated upon functional limitations. See In re Carr, 120 F.2d 386, 28 C.C.P.A., Patents 1240, and In re Stattmann, 146 F.2d 290, 32 C.C.P.A., Patents, 813.

■ Claims 5 and 6 call for steel of the back section of the blade as being "of the general type" of a specified analysis. It has not been established that the proportions specified are critical. On the contrary, it is merely stated in appellant's specification that the specified proportions constitute "a typical analysis." Accordingly, even assuming that the expression "of the general type" limits the steel to the proportions specifically set forth, such limitation does not constitute a patentable distinction over the references.

Allowed claims 7 and 8 call for the same analysis of the steel of the back section of the blade as do rejected claims 5 and 6. Claims 7 and 8, however, also include an analysis of the steel of the tooth edge portion of the blade and thus set forth a cooperative relationship of the two steels which was evidently regarded as patentable by the examiner. This relationship is not brought out in any of the appealed claims.

■ It is asserted in the brief filed by counsel for appellant that the backing steel composition and the temperatures set forth in the appealed claims are critical. The examiner, however, held that those matters were not critical, and no evidence of criticality was offered by appellant. We, therefore, find no sufficient basis for reaching a conclusion differing from that of the examiner, which was affirmed by the board. See In re Greider et al., 129 F.2d 568, 29 C.C.P.A., Patents, 1079, and in re Swenson et al., 132 F.2d 1020, 30 C.C.P.A., Patents, 809.

■■ Appealed claims 1, 3, and 6 each contains a process limitation relating to the method by which the article called for was made. Article claims can be allowed on the basis of process limitations only if the article claimed is new, useful, and amounts to invention, and if it cannot be properly defined over the prior art except by reference to the process. See In re Brown, 58 App.D.C. 285, 29 F.2d 873, and In re Charles R. Butler, 37 F.2d 623, 17 C.C.P.A., Patents, 810. Those conditions are not satisfied in the instant case. On the contrary, the allowance of claim 7 shows that the article can be patentably defined apart from the process by which it was made.

Claims 1 and 3 are broader than appealed claims 5 and 6.

The appeal as to claim 4 is dismissed.

We are of opinion, for the reasons hereinbefore stated, that the Patent Office tribunals were right in holding that the appealed claims fail to present any patentable distinction over the prior art.

The decision of the Board of Appeals is affirmed.

Affirmed.