56 CCPA

**Application of Lionel Alexander Bethune PILKINGTON.**

**Patent Appeal No. 8052.**

United States Court of Customs and Patent Appeals.

June 26, 1969.

Morrison, Kennedy & Campbell, New York City, attorneys of record, for appellant. Luther E. Morrison, S. Augustus Demma, New York City, of counsel.

Joseph Schimmel, Washington, D. C., for the Commissioner of Patents. Jere W. Sears, Washington, D. C., of counsel.

Before WORLEY, Chief Judge, and RICH, ALMOND and BALDWIN, Judges.

WORLEY, Chief Judge.

This appeal is from a decision of the Board of Appeals affirming the rejec-

tions of the only claim in appellant's application [1] under 35 U.S.C. § 103 and as an improper product-by-process claim.

Appellant is the inventor of the "float glass" process for making sheet glass.[2] According to the specification, a ribbon of glass is drawn onto the horizontal surface of a bath of molten metal, considerably wider than the ribbon and is then heated above its melting point. The glass liquefies and, under the influence of gravitational and surface tension forces, flows freely across the surface of the bath without any lateral restraint until it attains a condition of equilibrium on that surface. At this time the molten glass is in the form of a thin layer of uniform thickness with upper and lower parallel surfaces which are flat except at the very edges. The glass is cooled sufficiently to solidify it, and then withdrawn from the bath. The application on appeal is directed to the sheet glass product produced by the float process. According to appellant, that glass has qualities including a fire finish on both surfaces as well as flatness and freedom from imperfections, stresses and distortion,[3] which render his sheet glass superior to sheet glass produced in other ways.

The application as originally filed contained conventional product claims and also product-by-process claims. In response to the first and second letters from the examiner criticizing the inclusion of product-by-process claims, appellant cancelled the initial product-by-process claims but reserved the right to reinstate those claims if the invention could not be patentably distinguished by conventional product claims. Subsequent to another letter of the examiner confirming the examiner's final rejection of the article claims, appellant submitted an amendment cancelling all the claims and substituting a single product-by-process claim, claim 17, which reads:

17. A sheet of glass cut from a ribbon of glass produced by delivering glass at a controlled rate to a bath of molten metal and advancing the glass along the surface of the bath under thermal conditions which assure that a layer of molten glass is established on the bath, maintaining said glass layer in molten condition until there is developed on the surface of the bath a buoyant body of molten glass of stable thickness by permitting said layer of molten glass to flow laterally unhindered to the limit of its free flow under the influence of gravity and surface tension, and thereafter continuously advancing the buoyant body in ribbon form along the bath, and sufficiently cooling this ribbon as it is advanced to permit it to be taken undamaged out of the bath by mechanical means.

In the examiner's Answer, the following rejections of claim 17 were set forth:

(1) rejection as an improper product-by-process claim, the examiner taking the position that the product could be claimed without re-

1. Serial No. 162,545, filed December 27, 1961, for "Improvements in Manufacture of Flat Glass."

2. As a result of a requirement for restriction made by the examiner, the application on appeal was filed as a division of appellant's parent application, filed June 7, 1957, which issued as patent No. 3,-083,551 with claims directed to that process.

3. Appellant's specification discloses that:
  In creating the condition of equilibrium in the molten glass any distortion in a mechanically formed ribbon e. g. the ribbon 23 delivered to the bath, entirely disappears and a body of molten glass which has assumed level formation is developed, from which body is produced a ribbon of glass of uniform thickness free of distortion and having a fire finish.
Also:
  The ribbon of glass so produced has surfaces of lustre equivalent to that known as fire finish—though unground and unpolished and the glass is free from internal stress and the surfaces free from distortions and imperfections.
  *    *    *    *    *

sort to a product-by-process claim, as exemplified by the other product claims that had been sought.

(2) rejection as unpatentable over either of the following references, separately:

Pedersen et al.        2,167,905        Aug. 1, 1939

Tooley, "Handbook of Glass Manufacture", published by Ogden Publishing Co., (N.Y.), 1953, (Vol. 1, pages 391–420).

Pedersen discloses a process for making sheet glass, which is most readily described by reference to Figure 1 of that patent:

In Fig. 1, a sheet of glass $S$ is drawn upwardly from the surface of a bath of molten glass and, passes in "wiping or sliding contact" over the surface of a cooled guide member 18 having a ground and polished surface. Of the guide members, the patent states:

    *  *  * Tendencies toward irregularities in the sheet are smoothed out by the wiping action of roll 18 in sliding contact with the sheet, and the coolers 22 and 23 then set the sheet so that above this zone the glass sheet is set to final thickness substantially non-plastic. This is highly desirable, since if stretching and thinning of the sheet occurs thereafter by the pull of the drawing rolls the sheet is liable to become warped or drawn out of line in parts thereof.

The Tooley article relates to annealing and tempering sheet glass and discusses control of the internal stress in plate glass by those methods.

The board, sustaining the rejection of claim 17 as an improper product-by-process claim, stated:

> We are not convinced that the product characteristics of parallelism, reflective properties, and internal stresses cannot be definitely defined, and that sufficient physical characteristics cannot be drawn to distinguish from the prior art if they are present.

The board also sustained the rejection of the claims under 35 U.S.C. 103 in view of the references cited by the examiner, stating:

> We share the Examiner's view that claim 17 does not patentably distinguish over Pedersen et al. or Tooley. We are left in ignorance as to what degree the parallelism, smoothness, flatness, homogeneity and other physical characteristics of appellant's glass sheet differs from the glass of Pedersen et al. These are all characteristics that the glass of Pedersen et al. would in some degree possess. Appellant's product is not patentable [merely] because the process by which it is made is patentable as pointed out in the Examiner's Answer. The differences in the product over the prior art must be such that they are not obvious to a person having ordinary skill in the art. The Pedersen et al. patent points out on page 7, lines 17 to 33, as noted by the Examiner, that the fire-polished surfaces of their glass are substantially as optically correct as that of ground and polished plate glass.

We are not persuaded that appellant's product patentably distinguishes over the prior art cited.

We sustain the rejection of claim 17 on the references applied under 35 U.S.C. 103.

In resolving this appeal, we take as a starting point the position that patentability of a claim to a *product* does not rest merely on a difference in the method by which that product is made. Rather, it is the product itself which must be new and unobvious. As we said in In re Dilnot, 300 F.2d 945, 49 CCPA 1015 (1962):

> The addition of a method step in a product claim, which product is not patentably distinguishable from the prior art, cannot impart patentability to the old product. In re Moeller, 117 F.2d 565, 28 CCPA 932; In re Lifton, 189 F.2d 261, 38 CCPA 1119; In re Shortell, 173 F.2d 993, 36 CCPA 1013.

See also Tri-Wall Containers, Inc. v. United States, Ct.Cl., 408 F.2d 748, and cases therein. Thus our inquiry here must be directed to a comparison of appellant's sheet glass with the sheet glass of the references to determine whether any differences between them are such that the subject matter as a whole would be unobvious.

Turning first to Tooley, the examiner's Answer states:

> * * * Tooley discloses that internal stresses in glass is a primary concern in the glass art and it is a matter of choice whether or not internal stresses are desired characteristics * * *.
> * * *

The application of that statement to the question of obviousness of appellant's claim is not readily apparent to us, and we note that the board also chose not to discuss the Tooley disclosure apart from observing that " * * * claim 17 does not patentably distinguish over Pedersen et al. or Tooley."

Tooley does, however, refer to plate glass which it is appropriate to compare with appellant's sheet glass.[4] Conven-

---

4. Also the Pedersen product is stated to be "as distortionless as ground and polished plate glass."

tional processes of manufacturing plate glass, we are informed by appellant, involve passing molten glass between opposed sizing and cooled casting rolls. As a result of imperfections on the roll surfaces, the glass is subject to corresponding defects on its surfaces which must be removed by subsequent grinding and polishing operations. Appellant further points out that such grinding and polishing necessarily leaves grinding and polishing marks, and that even the original glass lacks a lustrous fire finish because it was cooled and solidified in contact with a solid surface. In line with this argument, we think that appellant's float glass differs from conventional plate glass in certain important respects—it has a lustrous fire finish and lacks the surface distortion or scoring resulting from grinding and polishing of the latter glass.

■ Turning now to Pedersen, we observe that in all the various embodiments of the process there shown, the sheet of glass $S$ is pulled in wiping and sliding contact over at least one forming member for the stated purpose of smoothing out irregularities in the sheet. However, it seems clear that if the sheet at the time of contact with the forming member is sufficiently malleable to have irregularities smoothed out. then it must also be sufficiently malleable to reproduce in the sheet any surface imperfections of the forming member itself. As it is unlikely that Pedersen's forming members should be lacking in local surface imperfections, it seems reasonable to conclude that the sheet glass product of Pedersen possesses at least some amount of surface ·deviations. Thus, although Pedersen does describe his glass as having fire finished surfaces, all that is reasonably obvious from Pedersen is a sheet of glass which is as free of distortion as he can make it, but which one skilled in the art would recognize would always have an irreducible minimum degree of distortion imposed by the limitations on perfection of the forming member. Thus we think that a sheet of glass having such surface perfection and freedom from internal stress as appellant obtains by floating his liquid glass on the surface of liquid metal is both new and unobvious even in view of Pedersen.

We therefore decide that the rejection under 35 U.S.C. § 103 in view of Tooley or Pedersen cannot be sustained. There remains the review of the rejection of claim 17 as an improper product-by-process claim.

On that point the board felt the invention could be adequately claimed by the physical characteristics of appellant's sheet glass and that a product-by-process claim was therefore improper. In considering the problem presented in claiming a product by a recital in the claim of the process by which it is made, we observed in In re Steppan, 394 F.2d 1013, 55 CCPA 791 (1968):

> The problem, in essence, is thus one of determining who shall decide how best to state what the invention *is*. By statute, 35 U.S.C. § 112, Congress has placed no limitations on *how* an applicant claims *his invention*, so long as the specification concludes with claims which particularly point out and distinctly claim that invention.

With that in mind, it appears that appellant has distinctly pointed out and claimed what he. regards as his invention in accordance with 35 U.S.C. § 112. While we are satisfied that the references of record do not anticipate appellant's glass or demonstrate that it would be obvious, the differences between that glass and the glass of the prior art do not appear to us to be particularly susceptible to definition by the conventional recitation of properties or structure.[5]

---

5. Thus the board's statement that it is left in ignorance as to "what degree the parallelism, smoothness, flatness, homogeneity and other physical characteristics

Under the circumstances, it seems to us that the present product-by-process claim satisfies the requirements of 35 U.S.C. § 112 and is appropriate here.

For the foregoing reasons, the decision of the board is reversed.

Reversed.

of appellant's glass sheet differs from the glass of Pedersen et al." itself indicates recognition of a difficulty in defining the invention in terms of those properties, which we think is avoided by the appealed claim.