32 C.C.P.A. (Patents)

## Application of MOORE.

### Patent Appeal No. 4953.

Court of Customs and Patent Appeals.

Feb. 7, 1945.

Parker, Carlson, Pitzner & Hubbard, of Chicago, Ill. (Richard Russell Wolfe and Lowell C. Noyes, both of Chicago, Ill., and P. E. Henninger, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in rejecting claims 39 to 45, inclusive, of appellant's application for a patent relating to improvements in a machine for drying clothes or fabric articles or material. Six of appellant's claims, 22, 23, and 31 to 34, inclusive, were allowed by the Primary Examiner.

The invention embodied in the claims allowed is illustrated by claim 34, which reads as follows:

"34. A laundry drier comprising, in combination, a chamber to receive the laundry to be dried and having an opening in the bottom thereof but otherwise closed, means within the chamber for tumbling the laundry therein, means for supplying heat directly to the laundry as it is being tumbled, and means for directing a current of air transversely across the central portion of said opening whereby moisture laden air will be withdrawn from the chamber through said central portion, the end portions of said opening being free to provide for ingress of air to supplant the air removed."

Appellant urges that he is entitled to the allowance of the broader claims rejected by the Patent Office, such as claims 39 and 41, which are illustrative, and which read as follows:

"39. The method of drying laundry in a closed chamber, which comprises applying direct heat to the chamber contents from a source within the chamber to vaporize the moisture in the laundry; producing a slow and gentle flow of free air from outside said chamber into and out of said chamber to provide a carrier moving at such rate that its moisture-absorbing capacity corresponds approximately to the rate of vaporization of the moisture in the laundry, the slow gentle movement of the carrier current acting to conserve the heat generated in the chamber and affording time for the carrier to become substantially saturated before emer-

gence from the chamber; and, during the heating of the chamber and the flow of said carrier current agitating the contents of the chamber to uniformly expose all portions of the laundry to the heat and to stir the air in the chamber so that its full absorptive capacity is utilized."

"41. A laundry drier comprising, in combination, a chamber to receive the laundry, means for applying heat directly to the contents of the chamber, means for agitating the laundry during the course of drying whereby the moisture in the laundry will be vaporized, said chamber being constructed to provide an entrance and exit for the flow of air into and out of said chamber, and means for producing a current of air entirely outside of said chamber and transversely across said exit to withdraw moisture laden air from the chamber through said exit."

The references relied upon are:

Plumer, 247,579, September 27, 1881.
Henrici, 1,160,109, November 9, 1915.
Hickman, 1,243,603, October 16, 1917.
Sargent, 1,432,125, October 17, 1922.
Bethke, 1,792,137, February 10, 1931.
Bartelt (British), 28,516, 1911.
"Drying by Means of Air and Steam," by E. Hausbrand, p. 14.

The plurality of references cited by the Patent Office discloses that the structural features contained in the appealed claims were old in the art, and the claims were rejected as not inventive over the references of record.

The claims allowed by the Primary Examiner are limited to means for attaining the flow of air within the casing by circulating a current of air across a single opening in the casing, through which the air both enters and leaves the casing.

The Board of Appeals in reaching its conclusion stated that a number of references cited against the claims were cumulative, and after reviewing the references and the action of the Primary Examiner, expressed itself as follows:

"In general, it may be said that all the structural features set forth in the appealed claims are old in the references referred to. Appellant emphasizes the fact that he uses a slow and gentle flow of free air. It is not seen that the modification of either the Hickman or Bethke structures whereby the inflow of free air can be regulated to the right amount so as to obtain

this slow and gentle flow, would amount to invention."

Appellant asserts that the fallacy in the reasoning of the Board of Appeals is disclosed by the foregoing statements in its decision, for what is being claimed by him is not a modification of either the Hickman or Bethke structures to obtain this slow and gentle flow of air.

To put it bluntly, appellant declares, what is being claimed is such modification of Hickman but not of Bethke, by reason of the discovery that when a device like that of Hickman with its inside or direct heater is so modified, it achieves an unexpected and wholly disproportionate increase in efficiency of evaporation as compared to the effect of the same modification in a drier having an outside heater like that of Bethke.

So far as pertinent, appellant's specification discloses a heat insulated casing containing a mounted, motor driven, wire screen drum rotating about a horizontal axis and having a door in the casing which opens into the center of one end of the drum to receive clothes or other material to be dried. A plurality of tumbler members are provided within the drum to facilitate the drying operation.

Heat is applied directly to articles in the drum by a suitable source within the casing, as an electric resistance heater or a gas burner, located preferably in an offset or recess in the upper portion of the casing and generally opposite a longitudinal opening communicating with an outlet passageway, formed by a rectangular chamber at the lower side of the drum, through which a current of air is circulated into and out of the casing.

The current of air is supplied to the outlet passageway from the side thereof by a fan having a nozzle which discharges air across the opening at the lower side of the drum.

Through this single opening, according to appellant, some air is sucked out of the casing into the fan-propelled current and at the same time a small fraction of the air in the current enters through this same opening to replace the air so removed.

The Hickman patent discloses a drying machine for use in laundries which comprises a rotary cylinder or drum arranged within the casing and consisting of foraminous material to permit the circulation of

hot air therethrough as the laundry is being dried. The cylinder is mounted and rotated about its axis at a suitable speed.

Placed around the interior of the casing are a plurality of segmental chests which supply heat to the garments or other articles to be dried. The chests are connected by steam pipes so that steam admitted through an inlet pipe at the top of the casing may freely flow to the different chests to heat the same before finally escaping through an exhaust pipe at the bottom of the casing.

Hot air is circulated through the articles being dried by means of an inlet duct with two communicating branches leading to the opposite sides of the upper portion of the casing, and two outlet ducts leading from the opposite sides of the lower central portion of the casing.

A fan is mounted in the exit pipe opposite the air outlet ducts and immediately below the casing, and is operated to draw the current of air through the casing against the heated chests, and through the drying cylinder.

The specification of the Hickman patent, relative to the effective use of an inside or direct heater, reads as follows:

"By applying the heat directly within the cylinder casing 1 instead of through exterior coils as is customary, it is obvious that the steam is employed in the most economical and efficient manner, which in effect increases the capacity of the apparatus, * * *."

The Bethke patent discloses a laundry dryer with the usual wire screen drum inclosed in a casing for the reception of garments and other material to be dried which are initially placed in the drum in a moist or wet condition. The drum is rotated about its axis while a current of hot air is circulated through the drum. A plurality of tumbler members are provided within the drum to facilitate the drying operation.

The heater is located in a heater chamber on top of the casing beside an opening in the casing to permit the entry of air through the heater chamber into the casing. A fan connected to the lower outside wall of the casing is operated to draw air through the heater chamber at the top of the casing, past the heater, through the wire screen drum and through the exit at the lower side of the drum which communicates with the fan.

In the specifications of the Hickman and Bethke patents there is no description of the rate of motion of the air circulating in and out of the casing, and neither specification describes the size of the machine nor the space it occupies.

No description is set forth in appellant's specification either as to the size of the machine or the space it occupies, and it is therefore susceptible, like the machines of Hickman and Bethke, to construction in whatever size is suitable to achieve its purpose.

Assuming that the rate of motion of the air circulating in either the Hickman or Bethke patent is more rapid than the current of air circulating in appellant's machine, the Primary Examiner and the Board of Appeals correctly held that it would not amount to invention over the prior art to regulate the fan in either reference cited to produce a slow and gentle flow of air.

■ Also, there is no invention in an alleged discovery that heat applied directly to articles to be dried is more effective for that purpose than heat applied from a source remote. If there were, it is fully disclosed in the Hickman patent as hereinbefore pointed out.

■ Appellant submits a report of an alleged comparative test designed to establish that in the use of his machine better results are obtained over the use of the machine in the Hickman invention. While the report is neither convincing nor decisive, nevertheless the law is well established that invention is not necessarily involved in combining elements old in the art to form a new combination which is used to obtain better results. In re Stover, 146 F.2d 299, 32 C.C.P.A., Patents, ——.

Appellant also contends that the place of his invention in the practical art entitles him to the broad protection of the appealed claims on the ground that the record discloses that appellant has invented the first successful clothes dryer for domestic or home laundry use. There is no recital in appellant's specification or claims which limits the size of his machine or discloses that it is designed for domestic or home laundry use.

■ A careful consideration of all the respective references cited and of the arguments and authorities presented by appellant discloses that the decision of the

Board of Appeals in affirming the action of the Primary Examiner in rejecting the appealed claims was not incorrect.

Affirmed.