34 C.C.P.A.(Patents)

## In re McLAREN.

### Patent Appeal No. 5215.

Court of Customs and Patent Appeals.

Dec. 9, 1946.

Charles M. Palmer, of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of claims 1 to 4, inclusive, 7, and 9 to 14, inclusive, in appellant's application for a patent for "certain new and useful improvements in Folders." Claims 5 and 6 were allowed.

The references are—

Rotivel (French) 593,685 June 2, 1925;
Schade 2,080,674 May 18, 1937;
McLaren 2,204,095 June 11, 1940.

Claim 9 is illustrative—"9. In combination, a pair of sheets of relatively flexible material having upper and lower edge means and having adjacent inner margins of a height less than the height of said sheets and constituting boss means extending from said sheets and defining therewith clearing recesses characterizing relatively aligned and substantially horizontally arranged but spaced shoulders constituting upper and lower edges, and a flexible fabric connection bounding said edges and secured to said boss means and disposed clear of said upper and lower edge means."

The subject matter of the appealed claims was described by the Solicitor for the Patent Office whose brief, omitting numerical references to the record, contains the following pertinent statement: "The application here involved discloses a folder composed of two side sheets of cardboard, connected by a strip of fabric which acts as the back of the folder. The sheets are notched at the corners where the fabric is to be applied. The central portion of the fabric strip is glued to the adjacent edges of the cardboard sheets, on one side, throughout their length, and the ends of the strip are passed over the notches, folded, and glued to the other sides of the sheets. The notches allow the fabric, where it is folded over the sheets, to lie below the top and above the bottom of the folder, thus preventing the wear which would result if the fabric protruded beyond the edges of the folder."

The involved claims were all rejected on McLaren in view of either Schade or Rotivel.

The patent to Schade discloses an improvement in loose leaf books or folders having a single sheet of leather connected to a metal backing piece by a conventional loose leaf ring mechanism. A distinguishing feature of Schade is that the loose leaf mechanism is folded over the top and bottom of the leather sheet which is provided with appropriate slots or recesses so that the folded metal does not protrude beyond the edges of the sheet. "The idea," as stated in the specification, "is to keep all metal inside this line to avoid protuberances."

The patent to McLaren relates to a folder having two cardboard sheets connected by a flexible strip of fabric material. Neither

of those sheets are notched, however, and the fabric material as shown extends beyond the edges thereof. Otherwise, the patent shows substantially the same elements and arrangement thereof that are shown by appellant's disclosure herein.

The patent to Rotivel was considered cumulative by the Board of Appeals and for that reason the recital herein of that disclosure is deemed unnecessary.

The concurring decisions of the Primary Examiner and the Board of Appeals held that the patent to McLaren appears to meet every element of the appealed claims except as to the notched sheets.

On that issue the board held further that Schade, as hereinbefore described, shows a one piece limp leather member having intermediate notched portions, and, since it was old to provide such recesses or notches, provision therefor as defined by the appealed claims, would involve nothing more than the exercise of mechanical skill and therefore such claims defined no element patentable over the cited references.

The real question presented is whether one skilled in the art with the disclosure of McLaren and Schade before him would find therein the suggestion to combine the elements defined by the claims on appeal.

Appellant vigorously urges that the purpose of his invention "is to provide a novel structure wherein a flexible connection is relieved of wear and therefore will not break or weaken"; that Schade does not even suggest the idea of relieving wear, and that his sole purpose was "to provide a stiff carrier for a conventional loose leaf binder."

It is true that McLaren discloses no relief recesses and no flexible connection secured to the boss means, while appellant's combination of elements does disclose such a structure.

But, as hereinbefore noted, the patent to Schade shows and suggests the desirability of notching the sheets to avoid protuberances and thereby relieve the otherwise resultant wear. No invention would be involved therefore in substituting the notched recesses of Schade for the inflexible connection of McLaren to obtain the desired result defined by the appealed claims. In re Stover, 146 F.2d 299, 32 C.C.P.A. (Patents) 823.

The elements of the combination defined by the rejected claims are old in the art, as shown by the cited references, and it is clear that with such references before him, a person skilled in the art would find therein the suggestion to combine the elements thereof as appellant has done.

The decision of the Board of Appeals is accordingly affirmed.

Affirmed.