34 C.C.P.A.(Patents)

## In re WILLIFORD.
### Patent Appeal No. 5214.

Court of Customs and Patent Appeals.
Dec. 9, 1946.

Rehearing Denied Feb. 7, 1947.

Charles C. Scheffler and Eugene L. Greenewald, both of New York City (Donald C. Harrison, of New York City, of counsel), for appellant.

W. W. Cochran, of Washington, D. C., for the Commissioner of Patents.

Before BLAND, Acting Presiding Judge, and HATFIELD, JACKSON, and O'CON-NELL, Associated Judges.

O'CONNELL, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in rejecting claims 24, 25, 26, and 27 in appellant's application for

a patent for "certain new and useful improvements in Accelerated Light Fastness Testing Method and Apparatus."

Claims 24 and 25, which recite the method, and claims 26 and 27, the apparatus for performing it, were rejected on the ground that they defined no patentable distinction over the disclosure of the art of record. Six claims, 11 to 15, inclusive, and 21, which recite structure, were allowed.

The references relied upon are—Lorilleux et al. (Br.) 204,587 Oct. 4, 1923; Buttolph 1,558,786 Oct. 27, 1925.

Claim 24 is illustrative of the two claims drawn to method—"24. A method of subjecting a sample of material to an accelerated test, such method comprising revolving said sample in a closed path of revolution about a vertical axis and around a concentrated source of radiant energy while continually exposing a surface of said sample to radiant energy from said source and while continually maintaining said sample and such exposed surface thereof vertically curved on a radius of curvature substantially equal to the distance of said exposed surface from the center of said source of radiant energy."

Claim 26 is illlustrative of the two claims drawn to apparatus—"26. Apparatus for subjecting a sample of material to an accelerated test, such apparatus comprising, in combination, a concentrated source of radiant energy; a framework rotatable around said source and about a vertical axis extending through said source; and a sample holder secured to said framework and including a plate having an apertured portion vertically curved on a radius of curvature substantially equal to the distance of said apertured portion from the center of said source of radiant energy, said holder also including means to clamp a sample of material against said apertured portion, to conform said sample to the vertical curvature thereof and to expose a vertically curved surface of said sample to said source of radiant energy."

Claim 25 adds to claim 24 the limitations that the source of radiant energy shall comprise "at least one electric arc between two carbon electrodes" and that only vertically curved surface portions of such vertically curved samples which are above and below a horizontal plane and extending through such arc shall be exposed to its rays.

Claim 27 is dependent on claim 26 and, like claim 25, adds the limitation that the carbon arc light shall be employed. Other limitations are included in claim 27 which relate to the mounting of the lamp and arranging the sample-carrying framework.

Omitting references to the record, the Solicitor for the Patent Office describes the subject matter defined by the claims on appeal—"The application relates to the testing of samples of material to ascertain the amount of fading thereof due to exposure to light. Appellant's apparatus consists of a holder for holding the sample, and an electric arc light. In practice a series of holders is supported on a horizontal circular bracket, the arrangement being such that the light is at the center of the circle. The bracket is carried by a framework. No means is disclosed for mounting the framework in relation to the light but appellant's specification states that the framework is rotated about a vertical axis passing through the light source.

During the prosecution of his application appellant submitted a sketch to show that if a flat sample is exposed to light from a point source which is located opposite the center of the sample, more light will be received at the center of the sample than at the edges thereof.

*     *     *     *     *     *

"As shown the holder is interposed between the sample and the light, and has two windows which admit light to the portions of the sample which are exposed."

Buttolph discloses an apparatus for subjecting colored articles to the influence of ultra violet rays for the purpose of comparing and predetermining the life of the color under the influence of sunlight or other light. A multi-paneled holding drum is disclosed mounted on a standard and having a fused quartz mercury vapor arc lamp mounted therein as a source of ultra violet light. Openings in the sides of the drum are provided with flatwise surface sample holders with colored fabrics exposed therethrough. "The lamp casing is rotatably movable on the standard, * * *

the movement in either direction being controlled by stop pin."

The patent to Lorilleux et al. relates to apparatus "which will give quick, accurate and comparable results" in testing the effect of light on colors or colored fabrics. It comprises a cylindrical casing with an electric arc light arranged within. The material to be tested is placed in grooved frames or sample holders surrounding the openings formed about the middle of the casing at a level lower than the source of light. The surface of the individual sample holders, as depicted in the drawings, are curved horizontally about the axis of the cylinder. The casing is described as supported on rollers and "may be mounted so as to be rotated about the lamp."

The examiner in rejecting claims 24 and 26 stated, among other things, that the only distinction defined by such claims over either of the cited references "is the vertical curvature of the sample holders with the light source as the center of curvature, so that the entire area of each sample will receive the same intensity of light." Such limitation, the examiner held, presented "no material effect, if any, on the specimen." Claim 25 was rejected as unpatentable over Lorilleux et al. for the reasons given in rejecting claims 24 and 26, and for the reason that the reference disclosed a carbon arc lamp. Claim 27 was rejected as unpatentable over Buttolph in view of Lorilleux et al. on the ground that the ordinary skill of a mechanic would be exercised exclusively in substituting the mercury vapor lamp of one for the arc lamp of the other.

The holdings upon which the examiner relied in making his final decision were discussed and passed upon by the Board of Appeals which made the following pertinent statement regarding its position:

"The principal issue presented appears to us to be whether the vertical curvature defined in the appealed claims involves invention over the prior art when, as the Examiner points out, it is a matter of common knowledge that surfaces equidistant from a source of radiant energy will receive the same intensity of energy. This principal has been so commonly used in many relations that we are unable to find invention in its use in this particular field. The Examiner ventures the opinion that for such short distances as those involved in the testing of dyed samples, for instance, the exactness with which the samples receive the same intensity of light at all points on their surfaces would present no material effect on the specimen. Assuming that a critical difference could be noted in appellant's samples over those of Buttolph or the British patent, it is our opinion that appellant has resorted to a known principal to produce an obvious result.

"The decision of the Examiner is affirmed."

Summarizing his position here, appellant vigorously contends "that his apparatus and method provide a substantial advance toward greater accuracy and reliability in the field of testing materials," that "The speculative opinion of the Patent Office, unsupported by factual evidence, does not disprove this fact"; and that the alleged scientific principle relied upon by the tribunals of the Patent Office, even had it been accurately defined by them, does not suffice to negative invention in the absence of a concrete example or pertinent instance of its use.

Appellant also contends that none of the cited references is capable of performing his claimed method; that the teachings of the such references do not anticipate the combination of elements defined by the appealed claims, and that invention was involved in the combining of the elements therein defined.

Appellant contends that the equipment defined by the appealed claims "is superior to prior equipment because it provides a more accurate and dependable fading test."

In support of that contention appellant relies upon a printed statement used in advertising the sale of such equipment and introduced into the record together with a diagram and a mathematical computation designed to prove that there is "approximately 12% greater intensity of radiation" due to the maintenance of the sample by appellant's apparatus and process in a vertically curved position during its revolution around an electric arc.

The difficulty with appellant's position is that the alleged superiority of the equipment defined by the appealed claims is not supported by a proper showing in the record as required by law. In re Herthel, 156 F. 2d 170, 33 C.C.P.A. (Patents) 1202. In re Selmi et al., 156 F.2d 96, 33 C.C.P.A. (Patents) 1187.

There is no actual showing by the cited statement or the comparative computation relied upon by appellant of reasons why his equipment provides any superior results over the equipment disclosed by the art of record.

The comparative computation recited by appellant represents a comparison between the results obtained by his disclosure and the disclosure of the patent to Tucker, No. 2,182,325. That patent relates to the art of printing photographic negatives and is clearly not pertinent as the basis of comparison with the art here involved.

■ Moreover, having been cited against the appealed claims early in the prosecution of the application, Tucker was withdrawn by the examiner. Thereafter that reference was not cited nor relied upon either by the examiner or the Board of Appeals in the rejection of any of the appealed claims. Under the facts presented the certification of Tucker as a part of the record and appellant's use thereof as a basis of comparison with the art of record is without merit. In re Brogden et al., 156 F.2d 82, 33 C.C. P.A. (Patents) 1181.

It is pointed out in the brief of the Solicitor that, considered in the proper light, the tribunals of the Patent Office properly stated and applied the scientific principle the validity of which is challenged in the brief of appellant.

■ The fact in issue is one that the court may not decide upon statements made in the briefs of counsel, although it is well settled that the court is empowered to take judicial notice of facts which are not disclosed in the record but which are matters of common knowledge.

■ The validity of the statement recited herein as a scientific principle and relied upon by the tribunals of the Patent Office as an influential fact in rendering the decision from which appeal was taken to this court is not a fact of which the court in the exercise of its jurisdiction may take judicial notice.

In that event it was incumbent upon appellant to establish his position by a proper showing in the record under the procedure authorized by rules 66 and 76 of the Patent Office, 35 U.S.C.A. Appendix, by requiring the citation of authority or the submission of affidavits by the personnel of the Patent Office in support of the challenged statement.

Having failed to thus raise the issue before the tribunals of the Patent Office, there is nothing in the record before the court upon which it may render a decision one way or another as to the correctness of the involved statement. Under those circumstances, the statement must be accepted by the court as correct. In re Lewis, 96 F.2d 1009, 25 C.C.P.A. (Patents) 1273. In re Selmi et al., supra.

■ The court upon a careful comparison of the involved disclosures is obliged to concur in the view expressed by the tribunals of the Patent Office to the effect that the only distinction over the cited references defined by the appealed claims is the vertical curvature of the sample holders with the light source as the center of curvature.

The horizontal curvature of the sample holders disclosed by the British patent while not explicitly described in the specification is clearly depicted and suggested by the accompanying drawings, and upon the facts presented no invention was involved in curving the sample holders vertically as appellant has done instead of horizontally as was previously done by Lorilleux et al. In re Stover, 146 F.2d 299, 32 C.C.P.A. (Patents) 823.

Moreover, as stated by the Board of Appeals, appellant in defining his alleged invention has but resorted to the application of a well known principle of science generally used in the arts to produce an obvious result.

Appellant contends that his method claims are not anticipated by the apparatus disclosed by the references because alterations are required to adapt the mechanism thereof to carry out the method defined by

the rejected claims. It clearly appears, however, that the alterations required to adapt the disclosure of such references to carry out appellant's method are of a character such as would have occurred to any person skilled in the art.

Moreover, the elements of the patented apparatus here disclosed in their normal and usual operations, so far as the record is concerned, will perform the function that is defined by appellant's claims. Therefore no invention was involved in doing the thing that was done by the method defined by them. In re Earl Ackenbach, 45 F.2d 437, 18 C.C.P.A. (Patents) 769; In re Ernst, 150 F.2d 133, 32 C.C.P.A. (Patents) 1106.

In view of the conclusion hereinbefore expressed no useful purpose would be served in discussing and passing upon other arguments presented by appellant.

The decision of the Board of Appeals is accordingly affirmed.

Affirmed.

GARRETT, Presiding Judge, did not participate in the hearing or decision of this case.