37 C.C.P.A.(Patents)

**In re DALTON et al.**

**Patent Appeals No. 5702.**

United States Court of Customs and
Patent Appeals.

June 30, 1950.

Marvin J. Reynolds, New York City
(John J. Rogan, New York City, and Ralph
B. Stewart, Washington, D. C., of counsel),
for appellants.

E. L. Reynolds, Washington, D. C. (J.
Schimmel, Washington, D. C., of counsel),
for Commissioner of Patents.

Before GARRETT, Chief Judge, and
JACKSON, O'CONNELL, JOHNSON,
and WORLEY, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of
the Board of Appeals of the United States
Patent Office affirming the decision of the
Primary Examiner finally rejecting, as un-
patentable over the cited prior art, all of
the claims, 13-20, in appellants' applica-
tion for a patent on alleged new and use-
ful improvements in facsimile recording
paper of a character particularly adapted
for use in high speed telegraph systems.

The references relied upon by the ex-
aminer were:

| | | |
|---|---|---|
| Kline | 2,251,742 | Aug. 5, 1941; |
| Wise | 2,294,146 | Aug. 25, 1942; |
| Finch | 2,310,946 | Feb. 16, 1943; |
| Davenport et al. | 2,328,198 | Aug. 31, 1943. |

The patents to Wise and Finch are the
only references here involved, the others
having been specifically rejected by the
board.

Claims 13 and 15 are regarded as illus-
trative. They read:

"13. An electrosensitive recording pap-
er comprising a nonconductive paper base,
said paper base having on one surface
thereof an adherent electrically conductive
coating, said conducting coating having
thereon a thin adherent surface coating of
such character as to be burned away in ele-
mental areas thereof by the application
thereto of electrical marking currents
whereby to expose said conductive coat-
ing.

"15. An electrosensitive recording pap-
er comprising a nonconductive paper base,
said paper base having thereon a thin elec-
trically conductive coating containing an
adhesive water soluble binder, said con-
ductive coating having thereon a surface
coating of such character as to be disin-
tegrated in elemental areas thereof when
subjected to electrical marking currents,
said surface coating containing an adhesive
non-water soluble binder."

The limitations of claims 15 and 16 call
for different types of binders in the con-
ductive coating and the surface coating,
and claim 20 calls for a metallic compound
having the property of increasing the

sensitivity of the surface coating to marking potentials.

The alleged invention was succinctly outlined by the board as follows:

"The appealed claims describe an electro-sensitive paper for facsimile recording, comprising a base of ordinary white paper, which is non-conducting, having on one surface thereof, an electrically conducting adherent layer or coating. The conducting layer is disclosed in the specification as being gas black, with a suitable binder. A second coating, defined in the claims as capable of being 'burned away' or 'disintegrated' when subjected to electrical marking currents, covers the conducting layer. The second coating is composed of a white pigment such as zinc oxide and a binder therefor."

The patent to Wise relates to an electro-sensitive recording paper, which may comprise a sheet of paper impregnated with marking particles, such as carbon, for use principally in high speed telegraph and facsimile systems, as, for example, in picture transmission systems. The reference, as noted in the decision of the board, clearly discloses a paper base coated with an electrically conductive layer as called for by each of the appealed claims. A recording medium, which may be an ordinary sheet of writing paper, is placed over the impregnated sheet of paper, or an electrically conductive layer. The recording medium or sheet of paper thus placed over the impregnated sheet, according to the tribunals of the Patent Office, essentially constitutes "a thin adherent surface coating" therefor, as called for in the claims.

The board also held that the recording medium disclosed by Wise is the full equivalent of a coating surface of such a character as to be burned away or disintegrated by the action of the marking currents, as called for by the appealed claims, since that medium, according to the disclosure of Wise, is subjected to a disruptive discharge, when the electrosensitive material is employed without the insulating layer or sheet provided by Wise.

The patent to Finch relates to an electro-sensitive recording paper for facsimile re-

ception. The paper is discolored by the action of an electric current passing through it thereby effecting the production thereon of pictures or printed matter. Finch uses a base material or recording paper having uniform conductivity. The paper is saturated with carbon and an electro-sensitive coating containing a cellulose derivative binder and a whiting agent or pigment is applied to the carbonized paper. A small amount of aniline hydrochloride may be used as an acid in sharpening the image by improving the sensitivity of the coating.

The claims were divided into two groups. Those of the first group, 13, 14, 17, 18, and 19, were rejected by the board as not distinguishing patentably over the disclosure of the patent to Wise; and the claims of the second group, 15, 16, and 20, were rejected on Wise in view of Finch.

The board in rejecting the claims frankly admitted that the recording sheet or medium disclosed by Wise is not adherent with the carbon coating as defined by the limitation to that effect in the appealed claims. The board held, however, that such difference constituted no patentable distinction, and, furthermore, that one of the modified figures of the Wise patent disclosed a coating applied by means of a binder in the use of an outer layer or coating deposited from an ink or paint containing a suspended pigment.

In summary, it was the position of the board that appellants, in drawing the claims of their application, had merely effected a substitution of equivalents for the features disclosed in the inventions covered by the previously issued patents relied upon here as the art of record.

The doctrine of equivalents is applied when the words of a claim presented for allowance by an applicant for a patent describe an invention disclosed in a patent previously granted. Such language need not include every literal detail or duplication of the patented disclosure. The doctrine becomes effective when the claim offers but minor changes in the patented disclosure or adds nothing to it but insubstantial substitutions or equivalents. Graver

Tank & Mfg. Co., Inc. v. Linde Air Products Co., 339 U.S. 605, 70 S.Ct. 854; In re Stover, 146 F.2d 299, 32 C.C.P.A., Patents, 823.

The long list of advantages and desirable results which appellants attribute to the subject matter of their appealed claims has not been questioned. The sole question presented is whether the limitations of the contested claims are such that they include or remove the claims from the application of the doctrine of equivalents.

It should be noted that the board not only rejected as inapplicable half of the references relied upon by the examiner, but also specifically reversed the examiner's rejection of the claims on the ground of alleged indefiniteness and undue breadth. Furthermore, on the question of equivalents, the Solicitor for the Patent Office has acknowledged in his brief that:

"The Board in its decision appears to have considered the term "adherent" modifying the coating material to mean something distinct from that which is accomplished by placing the paper sheet on the conductive layer—for the decision states that 'the fact that the paper (3) in Wise is not adherent with the carbon coating is a difference which is noted, but is not considered as involving a patentable distinction' * * *."

Moreover, such recording sheet does not appear to be the full equivalent of a coating which may be burned away or disintegrated by the action of the marking currents, as defined in the first group of the rejected claims, since the recording sheet or medium of Wise operates in a different manner to produce a different result from the result produced by the adherent surface coating of the recording paper of the appealed claims.

The rejection of claims 15 and 16 on the stated ground that the binders defined therein are well known for use in facsimile papers does not appear to be sound for the reason that the different properties which the binders defined by the limitations of those claims impart to the different coatings in which they are used produce a new and improved result. Finally, the sensitizing agent defined in claim 20 produces a new and useful result in a new combination of elements.

The appealed claims admittedly do not read on the references and such references do not disclose or suggest a unitary composite recording paper having the combination of elements or the advantages of the product defined by such claims. Under the circumstances, the invention of the appealed claims merits the reasonable patent protection for which the claims call.

For the reason hereinbefore stated, the decision of the Board of Appeals is reversed.

Reversed.