‘O’Connell, Judge,
concurring:
I fully agree with the majority of the court that the design here involved is lacking in patentable merit. It is elementary that invention must be present in order to justify the granting of a design patent and that the standard of invention is not lower in the case of design patents than in others. In re Rousso, 42 C. C. P. A. (Patents) 910, 222 F. 2d 729, 106 USPQ 99, and cases there cited.
In our decision in In re Stover, 32.C. C. P. A. (Patents) 823, 146 F. 2d 299, 64 USPQ 186, we pointed out that a patent may properly issue only where the faculty of invention is exercised in the combining of prior art features to produce a new result and that a change only in form, proportions or degree is not ordinarily patentable.
In the recent case of United Merchants and Manufacturers, Inc., et al. v. Blumenthal & Co., Inc., 156 Fed. Supp. 865, the United States District Court for the District of Rhode Island held that a substantial innovation, for which society is indebted to the inventor, must be disclosed to support the issuance of a patent, citing Sinclair & Carroll Co. v. Interchemical Corp., 325 U. S. 327. There the Supreme Court clearly stated at page 330 the established test of patentability:
A long line of cases Ras Reid it to be an essential requirement for tRe validity of a patent tRat the subject-matter display “invention,” “more ingenuity * *. * *820 than the work of a mechanic skilled in the art.” * * * This test is often difficult to apply; but its purpose is clear. Under this test, some substantial innovation is necessary, an innovation for which society is truly indebted to the efforts of the patentee.
In the instant case, the appellant’s contribution clearly does not meet the test above set forth. As was properly held by the Board of Appeals, appellant’s claim involves “no novel concept of design embellishment rising to the dignity of invention.” On the contrary, it involves nothing more than a selection of features well within the skill of the ordinary worker in the art.
The conclusion which we have reached herein, and the reasons therefor, are nowise inconsistent with our decision in the case of In re Berger, 44 C. C. P. A. (Patents) 714,239 F. 2d 397, 112 USPQ 54.