29 C.C.P.A.(Patents)

## In re SMITH.

### Patent Appeal No. 4607.

Court of Customs and Patent Appeals.
April 27, 1942.

Roy F. Lovell, of Pawtucket, R. I., for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner requiring division between two groups of claims, viz., claims 1 to 3, inclusive, and claims 4 to 13, inclusive, of appellant's application for a patent.

The sole question presented to us in this appeal is whether or not these two groups of claims are so related that they may properly be prosecuted in the same application.

The claims of the first group are method claims, and those of the second group are product claims with the exception of claim 9, as to which the examiner held that, while couched in method form, it is nothing more than an article claim.

Claims 1 and 4 are representative of the respective groups and read as follows:

"1. A method of knitting a selvage including the feeding of an elastic thread to the hooks of some of the needles interspersed among other needles, then feeding a relatively inelastic thread to the hooks of all of the needles, and then alternately feeding the said threads as before for a plurality of courses and while feeding the relatively inelastic thread to the hooks of all the needles causing said interspersed needles only to knit the relatively non-elastic thread, the remaining needles accumulating loops of the relatively non-elastic thread in their hooks, and finally causing all of the needles to knit the relatively non-elastic thread."

"4. A knitted selvage fabric having elastic and relatively non-elastic threads knitted therein, interspersed wales adjacent to the selvage comprising alternating loops of the two threads, each intervening wale comprising, adjacent to the selvage, four accumulated loops, the first accumulated loop of each wale being the first loop of the relatively inelastic thread."

The following patents were cited merely to illustrate the distinctiveness of the groups:

Lawson et al., 1,996,648.
Lawson et al., 2,024,174.
Miller et al., 2,150,335.
Miller et al., 2,150,336.
Getaz, 2,168,868.
Getaz, 2,171,236.

The examiner held that any invention involved in the product claims was distinct from that involved in the process claims, and division was therefore required. Appellant declined to make the division and appealed from the examiner's decision finally rejecting the claims to the Board of Appeals. As hereinbefore stated, the board affirmed the decision of the examiner.

Appellant's alleged invention is directed principally to improvements in self-supporting stocking tops in which an elastic thread

is incorporated in such a manner as to give the ribbed effect of the usual men's half hose stocking tops. The top is joined at its lower portion to the stocking itself, which is composed entirely of inelastic threads. The application also describes and claims a specific method of knitting the stocking tops on a rotary needle cylinder machine.

The question before us is whether the claims in the first group and those in the second group are for separate and independent inventions. If they are, the requirement for division was proper; on the other hand, if there is such correlation between the claims of the two groups as to limit them to a single inventive act, then the requirement for division was improper: In re Ferenci, 68 F.2d 737, 21 C.C.P.A., Patents, 856; In re Burns, 83 F.2d 292, 23 C.C.P.A., Patents, 1091; In re Wellman, 48 F.2d 926, 18 C.C.P.A., Patents, 1214; In re Moss et al., 101 F.2d 536, 26 C.C.P.A., Patents, 861.

The examiner held that other methods than those set out in the claims of the first group apparently can be used to produce the product in the claims of the second group, and that therefore separate independent alleged inventions are involved.

The Board of Appeals in its decision stated: "Appellant contends that there was but a single inventive act but there is no reason to believe that the specific method, which is set forth in claims 1 to 3 inclusive, is the only one by which the article can be produced and apparently one person could have invented the article and another the method. In the Office classification, the articles are separately classified because they are, in general, regarded as separate inventions from methods, and in the absence of convincing reasons as to why an exception should be made in this case, we do not feel justified in reversing the examiner's action."

It is evident that, if the Patent Office tribunals are correct in their holding that the product claimed in the second group can be produced by methods other than those set forth in the first group, the requirement for division must be affirmed.

In the case of In re Ferenci, supra [68 F.2d 739, 21 C.C.P.A., Patents, 856], we said:

"Both the examiner and the Board of Appeals, in their respective opinions, have pointed out that the package of appellant may be produced by other than his process, and have specified other methods—such, for instance, as by hand, or by different machines in various ways, and, even if it be conceded that the process claimed would produce only the product claimed, the reverse of this, viz., that only appellant's particular claimed process would produce the claimed product, is not true.

"Such being the case, we are of the opinion that the product claims cover a different inventive act from that covered by the method claims, and agree with the Board of Appeals that division was properly required."

A like holding was made in the case of In re Burns, supra.

While appellant in his brief challenges the statements of fact of the Patent Office tribunals that the product claimed can be produced by methods other than those claimed, we find nothing in the record to rebut such statements.

In the case of In re Burns, supra [83 F.2d 293, 23 C.C.P.A., Patents, 1091], we said:

"Counsel for appellant state in their brief that:

"'It cannot be conceded that hand manufacture of his package could result in quantity production thereof by a mechanical process at low cost * * *.

"'The Board of Appeals proposition that where an article can be made by more than one process, an invention relating to the article is a different one from a patentable process for producing the article, is not supported by the record, which fails to disclose any such process; and appellant is aware of none.'

"Although counsel for appellant are unwilling to concede the correctness of the statements of fact made by the tribunals of the Patent Office, there is nothing of record tending to establish that those statements are erroneous, and we must look to the record, not to the brief of counsel, for information on the subject. We are of opinion, therefore, that the principles announced in the Ferenci case, supra, are applicable to the issues in the case at bar, and that the requirement of division was proper."

A like observation is applicable here.

Claim 9 reads as follows: "9. A method of knitting an elastic stocking top, consisting of the knitting of courses having an elastic thread and a relatively light

non-elastic thread incorporated therein, the non-elastic thread being accumulated at certain of the wales for a plurality of courses, then causing a non-elastic thread heavier than the first mentioned non-elastic thread, to be drawn through the accumulated loops to form a knitted course."

With respect to this claim, we are in agreement with the view of the examiner, apparently agreed to by the board, that, while couched in method form, it is nothing more than an article claim.

The decision of the Board of Appeals is affirmed.

Affirmed.