36 C.C.P.A.(Patents)

**Application of HENDERSON et al.**
**Patent Appeal No. 5539.**

United States Court of Customs
and Patent Appeals.
March 1, 1949.

Roy F. Steward, of Washington, D. C., for appellants.

W. W. Cochran, of Washington, D. C. (J. Schimmel, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL, and JOHNSON, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in rejecting on the ground of misjoinder of invention claims 16 to 30, inclusive, in appellants' application for a patent for alleged "improvements in Siliconizing Processes and Products Thereof."

Appellants' application relates specifically to the process of producing on metal articles, especially ferrous metal articles, an adherent coating or case containing silicon, and the article so produced. In the prosecution of the application, the examiner required division between the process and the article claims. After election by appellants, the examiner allowed the process claims. Accordingly, claims 1 to 15, inclusive, directed to the process, were allowed by the examiner, and claims 16 to 30, inclusive, directed to the article produced by the process, were rejected as drawn to a nonelected species.

The requirement for division made by the Primary Examiner was approved by

the Examiner of Classification and affirmed by the Board of Appeals. Those decisions were based on the grounds (1) that the claimed article may be made by processes other than that disclosed and claimed by appellants; and (2) that the process and the product are separately classified and have different fields of search.

Appellants' petitioned the board requesting reconsideration of its decision. The board granted the request and considered appellants' contentions, but denied the petition with respect to making any change in the board's original decision.

Claim 16 is representative of the article claims, and claim 1 is representative of the process claims. They read:

"16. As a new article of manufacture, a siliconized article having a silicon-containing case bonded to a base or core, said case having a sufficiently high silicon content to render it satisfactorily resistant to corrosion by standard test, and being of such integral structure and so firmly bonded to said core that both the case itself and its bonding to the core are resistant to substantial thermal shock."

"1. The process of providing a suitably heat-resistant article with a silicon-containing coating or case that is resistant to corrosion and thermal shock, which comprises maintaining said article in a reaction zone at a temperature of at least about 1400°F but below a temperature sufficiently high to injure the article while subjecting it to the action of a treating atmosphere substantially free from oxygen, both elemental and combined, and containing both silicon chloride and free hydrogen as essential components, the proportioning of said components in the atmosphere as supplied to the reaction zone being such that, expressing the silicon chloride component in the terms of silicon tetrachloride, the weight of the free hydrogen component is between 0.02 and 4.0 per cent of the weight of the silicon chloride component."

The following prior art patents were cited by the tribunals of the Patent Office as showing the different status of the process and article claims and as illustrative of other processes by which the claimed article may be made:

Becket, 1,672,444, June 5, 1928.

Marshall, 1,853,369, April 12, 1932.

The claims for the article do not here involve, per sese, consideration of the question of their patentability. The sole issue presented is whether it was proper to require division between the claims for the process and those directed to the article and to reject the article claims for alleged misjoinder of invention.

No question is raised as to the correctness of the rule that if a claimed product can be made by methods other than that called for by the claimed method, the product claims cover a different inventive act, and division is properly required. In re Hirschhorn, 162 F.2d 489, 34 C.C.P.A., Patents, 1156. Appellants contend (1) that the involved requirement for division ought not to be sustained, however, because in the instant case the available evidence adduced by the Patent Office, including the Becket and Marshall patents, is strongly against any probability that appellants' claimed article can be made by processes other than appellants' claimed process; and (2) the assertion that the two groups of claims have different fields of search is without support in the record and is manifestly erroneous but were it correct, the fact would not be of controlling consideration.

More specifically, appellants urge that it was incumbent on the tribunals of the Patent Office when attempting to justify a requirement for division on the basis of the rule stated in the Hirschhorn case, supra, to consider the limitations of the appealed claims, which claims, according to appellants' grief, "expressly emphasize, as essential distinguishing characteristics of the novel article," that the silicon coating or case shall be satisfactorily resistant to corrosion and to substantial thermal shock, as defined in appellants' specification.

The board in its disposition of appellants' first contention considered the claimed product or article as a structure or composition and held that the structure claimed could be made by other processes. The board explained its position as follows:

"Nor, do we think the suggestion that articles such as those claimed, might be

made by other process, needs the support of a reference describing another method of making appellants' claimed article. That would require a complete examination of the merits of the non-elected article claims including a determination of the scope of the term 'satisfactorily resistant to corrosion and to thermal shock' emphasized in the brief. We do not think the law requires a complete and detailed examination and determination of the merits of a claim or the finding of a substantial anticipation of such claim, as a condition precedent to a requirement to divide them from the application. It is believed sufficient to assert our opinion of the probability that articles of the same class, i. e. silicon-cased metal articles, are producible by other processes and we consider Becket and Marshall sufficient to support that opinion. * * *"

Appellants take issue in their brief with the holding of the board "that articles of the same class, i. e., silicon-cased metal articles, are producible by other processes" and make the following statement:

"Nobody, of course, would deny for a moment that silicon-cased metal articles, *broadly speaking,* are producible, and have been produced, by other processes. But this has nothing to do with the question at issue. The answer to that question depends upon what appellants are *claiming.* Obviously appellants are not claiming silicon-cased articles *broadly.* What they are claiming is a particular kind of silicon-cased article, assertedly novel and specifically defined by vitally important properties and characteristics which, as is elsewhere fully explained * * * sharply distinguish them from all other 'articles of the same class.' * * *" (Italics quoted)

In view of the statement hereinbefore quoted from the brief for appellants and the fact that the involved article claims are much broader in scope than the process claims, as may be observed from an examination of the quoted claims herein, we cannot agree with appellants' contention. Under the authorities, the patentable novelty of article claims, as far as this case is concerned, cannot be predicated solely upon the properties or functions of the claimed article. General Electric Co. v. Wabash Appliance Corp. et al., 304 U.S. 364, 58 S.Ct. 899, 82 L.Ed. 1402; In re Fullam et al., 161 F.2d 247, 34 C.C.P.A., Patents, 1018.

Appellants having predicated their position as the crux of the alleged invention solely on the "essential distinguishing characteristics of the novel article," the article thus claimed cannot be here regarded as differing structurally from the article produced according to the other processes defined by the respective patents to Becket and Marshall. Nor can this conclusion be affected by the alleged fact that appellants are highly trained scientists and skilled workers in the involved art who know of no way of producing the article other than by the claimed process. See In re Charles P. Wellman, 48 F.2d 926, 18 C.C.P.A., Patents, 1214; In re Smith, Jr., 127 F.2d 144, 29 C.C.P.A., Patents, 1011.

Appellants further contend that the board in rendering its decision erroneously suggested that to properly include process and product claims in the same application they must constitute a single invention.

The statement which appellants made in support of their position, when read in the light of all that was stated on the subject in the decision by the board, indicates that the challenged statement was in full accord with the proper rule of law applicable to the question here in issue; namely, that to properly include process and product claims in the same application there must be such a correlation between the process claims and the product claims as to limit them to a single inventive act, and if the different claims cover different inventive acts, division is properly required. In re Ferenci, 68 F.2d 737, 21 C.C.P.A., Patents, 856; In re Smith, Jr., supra; In re Coulter, 155 F.2d 271, 33 C.C.P.A., Patents, 1088.

The board in its decision on appellants' petition for reconsideration stated the members of the board were well aware that, as appellants contended, where two groups of process and product claims are submitted in the same application, the fact that such claims have different fields of search, while persuasive, may not in all instances be of controlling consideration on the issue of misjoinder of invention. In

view of that position, no further discussion of appellants' second ground of contention is deemed necessary.

In view of the conclusions hereinbefore set forth, it is deemed unnecessary to pass upon other points raised by the parties to this appeal. The decision of the Board of Appeals is accordingly affirmed.

Affirmed.